In your letter of January 27, 1978, you ask the following question:
 "May a member of the Legislature be reimbursed for his/her actual expenses incurred as a member of the Legislative Council while engaged on official business of the committee, the purpose of which was approved in writing prior to the incurring of such actual expenses, and whether or not such actual expenses are incurred during a regular or special session of the Legislature, or during interim period between sessions?"
In this regard we have previously been of the opinion that the members of the Legislature may not be compensated for personal expenses incurred during regular or special sessions of the Legislature. (Opinion No. 60, dated April 13, 1959.) Additionally, we have recently been of the opinion that during a two week recess of a regular session of the Legislature, senators may not be compensated for their personal expenses incurred traveling to and from their residences for the purpose of attending legislative committee meetings held during this recess. (Opinion no. 164, dated January 12, 1978.)
However, we have been of the opinion that senators who are members of the Legislative Council may be compensated for expenses incurred while attending meetings of that council held between sessions of the Legislature. (Opinion no. 60, dated April 8, 1977.)
It does not appear that we have previously been called upon to answer the direct question raised here that is whether or not a legislator, during a session of the Legislature, may be reimbursed for his actual expenses while traveling at the express direction of the Legislative Council and on purely legislative business.
In our opinion of October 11, 1937, wherein we held that members of the Legislature might constitutionally be compensated for actual expenses incurred while attending sessions of the Legislative Council held between sessions of the Legislature, we stated after reviewing the Applicable Case Law:
 ". . . The general rule followed is that legislative or official expenses may be paid but that personal expenses may not. . . ."
It would appear that the expenses referred to in your question which have been incurred are most certainly official expenses and are legislative expenses rather than personal, in that the senator is incurring these expenses at the express direction of the Legislative Council and on behalf of the Legislature as a whole.
Section 7 of Article III of the Constitution of the State of Nebraska states in pertinent part that:
 ". . . Members of the Legislature shall receive no pay nor perquisites other than [salary] and expenses [of traveling to and from the Legislature], . . ."
This prohibition does not concern `expenses' of the Legislature itself. Of course, the Legislature being an inanimate legal entity is not capable itself of traveling on official business and, therefore, this function must be accomplished by one or more of its members.
We are of the opinion that where a senator is traveling on official legislative business, such travel having been expressly authorized by the Legislature of the Legislative Council and such travel being at the direction of the Legislature, the expenses incurred, while incurred by an individual, are in actuality expenses of the Legislature and reimbursement of the expenses to the particular senator does not violate Section 7 of Article III of the Constitution of the State of Nebraska. Copies of the previous Attorney General's Opinion referred to above are enclosed for your information.